**AFFIRMED and Opinion Filed November 24, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01313-CR

**DARVIS LAKEITH ALLEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MB1944881-B**

## MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Browning
Opinion by Justice Browning

Darvis Lakeith Allen appeals his indecent exposure conviction. A jury convicted appellant, and the trial court sentenced him to ninety-three days' confinement. In a single issue, appellant argues the evidence is insufficient to support his conviction. We affirm the trial court's judgment.

On September 10, 2019, appellant was charged by information with the following offense:

> on or about the 1st day of September, 2019 in the County of Dallas, State of Texas, did then and there, with the intent to arouse or gratify the sexual desire of DARVIS LAKEITH ALLEN, expose his anus or any part of his genitals, and the defendant was reckless about whether

another was present who would be offended or alarmed by his act, in that the defendant, exposed his anus or any part of his genitals or masturbated in a public place, and ERICA CHUSTZ was present and offended or alarmed by said act of exposure.

At appellant's jury trial in October 2019. Erica Chustz testified she is employed as a physician assistant at Parkland Hospital in the psychiatric emergency department. On September 1, 2019, Chustz was seeing patients, evaluating them, treating some with medications, and determining which patients needed to go to a hospital and which were safe to be discharged. Chustz described the area where she worked as a rectangular room approximately thirty feet wide and forty or fifty feet long containing twenty reclining chairs and "some cubbies on the side." At one end of the room is a nurse's station directly facing the rectangular room, and glass windows "go around the whole area of the nurse's station." The windows are "about five feet tall from the desk to the ceiling."

Before the underlying offense occurred, Chustz saw appellant in the "seclusion hallway," which is to the side of the "day room." Chustz interviewed appellant and offered him medicine, which appellant declined. When Chustz first saw appellant, he was wearing a hospital gown that goes down to the patient's knees and covers the patient's whole body. Chustz testified the patients "either wear their own underwear or we can give them underwear," and Chustz gave appellant underwear.

Appellant tapped on the glass to get Chustz's attention, and she saw appellant was masturbating. Chustz described what happened next:

–2–

So basically [appellant] came to the window and got my attention. He was masturbating. At which point, obviously myself as well as a few other nurses, were alarmed by this, so we went into the day area to try and offer him to go to the seclusion hallway where he would just be by himself and we could talk to him privately. He had declined to do that. And then I explained to him that the reason that he needed to do that was because of his behavior as being inappropriate and he was not allowed to just masturbate like that, and that's when he said my name twice.

Chustz testified appellant's penis was erect, and she felt surprised at first and then embarrassed and "ashamed that that had happened while [she] was at work." Chustz "felt offended that [appellant] specifically got [Chustz's] attention to do that" by tapping on the glass and "trying to make eye contact with" Chustz.

Chustz testified that she diagnosed appellant with substance induced psychotic disorder which is "a temporary break from reality as a result of ingestion of some sort of substance." The State played for the jury a surveillance video showing the offense. Chustz testified that, after the offense, appellant "stripped totally naked," and staff moved appellant into the seclusion hallway where he "received emergent medications through injection" and was placed in a restraint chair. At the conclusion of the evidence, the jury found appellant guilty of indecent exposure, and this appeal followed.

In a single issue, appellant argues the evidence is insufficient to support his conviction. In reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable

–3–

doubt. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume the fact finder resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the trier of fact's determinations of witness credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. Circumstantial evidence is as probative as direct evidence in establishing the guilt of the accused. *Clayton*, 235 S.W.3d at 778. Circumstantial evidence alone can be sufficient to establish guilt. *Id.*

To obtain a conviction for the offense of indecent exposure, the State had to prove that appellant exposed his genitals with intent to arouse or gratify the sexual desire of any person and he did so while being reckless about whether another was present who would be offended or alarmed by his act. TEX. PENAL CODE ANN. § 21.08(a). By its nature, a culpable mental state must generally be inferred from the circumstances. *Romano v. State*, No. PD-1289-19, 2020 WL 6301716, at *3 (Tex. Crim. App. Oct. 28, 2020). We cannot read an accused's mind, and absent a confession, we must infer his mental state from his acts, words and conduct. *Id.*

Appellant argues the State failed to prove appellant acted with the requisite intent. Specifically, appellant argues the evidence was insufficient to prove beyond a reasonable doubt that appellant acted with the intent to gratify his own sexual desire. Appellant notes that the jury was instructed on voluntary intoxication, and

–4–

the jury could not excuse appellant's intent because appellant's behavior was caused by voluntarily ingesting a substance. However, appellant argues he denied taking any substance when he arrived at the emergency department, and the evidence did not prove that he was positive for any substance when he arrived at Parkland. Moreover, appellant argues his actions "were the result of his mental health diagnosis" of schizophrenia and bipolar disorder that he reported to Chustz, and the voluntary intoxication instruction prevented the jury from considering his mental health diagnosis as evidence of lack of intent.

Chustz testified appellant "may have reported a history of schizophrenia," but she did not know whether he has "a clear diagnosis of schizophrenia." Chustz testified her notes also showed appellant had a history of PCP use, ad "PCP is known for whatever reason for having the effect of making people strip naked and oftentimes masturbating." Thus, Chustz diagnosed appellant as having substance induced psychotic disorder. Appellant does not make clear how a prior diagnosis of schizophrenia or bipolar disorder would have constituted evidence of lack of intent under the facts of this case. Here, the evidence showed appellant tapped on the glass to get Chustz's attention and attempted to make eye contact with her while he masturbated. Appellant's penis was erect, and he specifically sought out Chustz's attention and called her by name twice. We conclude this evidence was sufficient to support a finding beyond a reasonable doubt that appellant acted with the intent to gratify his own sexual desire. *See* TEX. PENAL CODE ANN. § 21.08(a); *Romano*,

–5–

2020 WL 6301716, at *3; *Brooks*, 323 S.W.3d at 899. We overrule appellant's single issue.

We affirm the trial court's judgment.

/John Browning/
JOHN G. BROWNING
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191313F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARVIS LAKEITH ALLEN,
Appellant

No. 05-19-01313-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal
Court No. 2, Dallas County, Texas
Trial Court Cause No. MB1944881-
B.
Opinion delivered by Justice
Browning. Justices Whitehill and
Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered November 24, 2020